## 18672

Osie McCUTCHEON, Respondent, v. Willie James PRESSLEY, Appellant

(155 S. E. (2d) 825)

*Messrs. McCaskill & Thompson,* of Conway, *for Appellant,*

■

*Messrs. R. E. Harrell,* of Kingstree, and *Grimes & Hinds,* of Georgetown, *for Respondent,* ■

■

July 5, 1967.

LEWIS, Justice:

This appeal involves review of a discretionary order of the circuit judge granting a change of venue.

Both plaintiff, a resident of Georgetown County, and defendant, a resident of Williamsburg County, sustained injury and damage when their vehicles collided on Highway No. 121 in Williamsburg County, about one-half mile north of Nesmith, a distance of approximately 32 miles from Georgetown and 22 miles from Kingstree. This action was instituted by plaintiff in Williamsburg County to recover the damages sustained by him in the collision, and defendant filed a counterclaim for his damages.

After the issues were joined, plaintiff moved for a change of venue of the action from Williamsburg County to Georgetown County upon the ground that the convenience of the witnesses and ends of justice would be promoted by the change. Upon affidavits showing that there were no eye witnesses to the collision except the parties, and that some of the material witnesses resided in Williamsburg County and some in Georgetown County—the greater number in Williamsburg—the circuit judge, in the exercise of his discretion, granted plaintiff's motion and transferred the case to Georgetown County for trial.

Citation of authority is unnecessary for the oft stated and applied principle that a motion for a change of venue for convenience of witnesses and promotion of the ends of justice is addressed to the sound discretion of the trial judge, and his decision will not be disturbed except upon a clear showing of abuse of discretion.

Abuse of discretion is not shown. Therefore, application of the foregoing principle requires affirmance of the order of the lower court.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.